UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|

| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   ORDER GRANTING DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT [31] AND GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [26]

## I.   Introduction

Before the Court are a Motion for Default Judgment, filed by Plaintiff Patagonia, Inc. ("Patagonia") and a Motion to Set Aside Entry of Default, filed by Defendant Cesar Lupian, Jr. ("Lupian"). ECF Nos. 26, 31. For the following reasons, Patagonia's motion is DENIED in part and GRANTED in part, and Lupian's motion is GRANTED.

## II.   Relevant Factual and Procedural Background

On January 27, 2025, Patagonia filed a complaint against Defendants Slumped Boyz LLC ("Slumped Boyz") and Lupian, alleging trademark and copyright infringement, unfair competition, and trademark dilution. ECF No. 1 ("Compl."). The factual allegations forming the basis for Patagonia's claims are that Defendants sold pullover sweaters, which bore artwork that was substantially similar to Patagonia's logo, which appears on Patagonia's similar, proprietary products. Compl. ¶¶ 16-18.

Both Defendants were served process, *first* on March 20, 2025, by substituted service at Defendants' business in Houston, Texas after at least three attempts at personal service and, *second*, on March 21, 2025, by mail. ECF Nos. 11, 12. On April 2, 2025, Defendant Lupian, representing himself, *pro se*, filed a "Motion to Quash Service of Process." ECF No. 13. This Court found that service had been

:

| Initials of Preparer | DT |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* | | |

proper, denied Lupian's motion, and ordered Defendants to answer the complaint by May 7, 2025. ECF No. 20.

However, Defendants did not answer or appear. Accordingly, the clerk entered default on May 29, 2025. ECF No. 24. On July 22, 2025, Patagonia filed a Motion for Default Judgment, which was initially set for hearing on August 25, 2025. ECF No. 26. On that date, Defendant Lupian filed an opposition to Patagonia's motion, alongside his own Motion to Set Aside Default. ECF No. 31. Although brief, the essential arguments in Lupian's opposition and motion are as follows: (1) Lupian was never properly served, (2) Lupian was not the owner of Slumped Boyz, (3) Lupian's failure to respond was excusable neglect, (4) there is no ongoing infringement, (5) the design was a non-infringing parody, and (6) setting aside default would not prejudice Patagonia in this early stage of the case. Id.

### III. Legal Standard

#### A. Granting Default Judgment

Courts consider the following factors when deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see also Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123, *1-2 (C.D. Cal.). "Courts often treat the merits of the plaintiff's substantive claim and the sufficiency of the complaint as the most important *Eitel* factors [such that they can] therefore outweigh the other factors in determining default judgment." *Bob & Me Prods. v. Lemon Leaf Café, LLC*, 2020 WL 6468406, at *15 (C.D. Cal.) (internal citations omitted).

Moreover, "the general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided"). "'The court must still consider, however, whether the unchallenged facts constitute a legitimate cause of action,

:

Initials of Preparer          DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | | Date | November 14, 2025 |
|---|---|---|---|---|
| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* | | | |

since a party in default does not admit mere conclusions of law.'" *Bob & Me Prods.*, 2020 WL 6468406, at *5 (internal quotations omitted).

### B.  Setting Aside Entry of Default

Importantly, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of default for "good cause shown." A district court has "especially broad" discretion to determine whether good cause has been shown when "it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

In analyzing whether good cause has been shown, courts consider the following three factors: (1) whether the defendant engaged in culpable conduct leading to the default; (2) whether the defendant has a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). If any one of these three factors weighs against setting the default aside, the Court may refuse to set aside an entry of default. *Id.* at 926. A defendant bears the burden of proving that the default should be set aside. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

### IV.    Discussion

The Court begins by addressing Defendant Lupian's motion to set aside default. The Court harbors significant doubts as to the merits of Defendant's arguments. However, given the strong preference for resolving disputes on the merits, the Court finds that default should be set aside, and Defendant should have an opportunity to respond to the complaint. Accordingly, the Court finds default judgment as to Defendant Lupian to be improper at this time. However, Defendant Slumped Boyz has failed to respond to the complaint, despite extended opportunity to do so. Moreover, Slumped Boyz has not opposed entry of default, which was entered against it over five months ago.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|

| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* |
|---|---|

### A. Setting Aside Default for Defendant Lupian

#### i.      Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan,* 244 F.3d at 697 (internal quotations omitted)*.* "The Ninth Circuit has established two separate standards for whether consciously failing to respond to a complaint fits the meaning of 'intentionally' as used in the definition of culpability. Which standard is applicable depends on whether the party seeking to set aside default is considered 'legally sophisticated.'" *CWT Canada II LP v. Danzik,* 2017 WL 1437557, at *2 (D. Ariz.) (*citing United States v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010))*.*

If a party is legally sophisticated, then a court may deem the party's conduct culpable if the party has "received actual or constructive notice of the filing of the action and failed to answer[.]" *Franchise Holding II*, 375 F.3d at 926; *Mesle*, 615 F.3d at 1093 ("[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality"); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) (holding a defendant's conduct was culpable because he "had actual notice of the summons and complaint" soon "after it was served" and, "as a lawyer, presumably was well aware of the dangers of ignoring service of process"). If a party is not legally sophisticated, then "the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (quoting *TCI Grp. Life Ins. Plan*, 244 F.3d at 697). "[A] defendant's conduct [is] culpable ... where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*.

Here, Defendant Lupian is pro se and legally unsophisticated. While Lupian did receive actual notice of the filing and failed to answer, the Court does not find enough evidence of bad faith to establish that Defendant's failure to respond was culpable conduct.

#### ii.      Meritorious Defense

In evaluating the meritorious defense factor, the primary inquiry is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default."

:

|  | Initials of Preparer | DT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* | | |

*Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). While the defendant's burden under this factor "is not extraordinarily heavy," he or she must "allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094.

Here, Defendant makes several arguments in his motion to set aside default: (1) Defendant did not own the business that sold the infringing product, (2) the design was a parody, and (3) there is no ongoing infringement. ECF No. 31 at 2. The first and third arguments are meritless. Whether Defendant owned the business that allegedly sold the infringing product is irrelevant as to whether he created or promoted the infringing design. Moreover, lack of ongoing infringement would not prevent liability if prior infringement is established. However, Defendant's second defense seems to argue that the design created by Defendant was transformative as a parody and therefore non-infringing under the defense of fair use, or unlikely to cause confusion in the market.

Although the Court harbors significant doubts that Defendant will be able to successfully establish this defense, given the strong preference for avoiding default, this factor is satisfied sufficiently to entitle Defendant to a resolution on the merits.

### iii.    Prejudice

To establish prejudice sufficient to defeat a motion to set aside entry of default, Plaintiff must show that his "ability to pursue his claim [has been] hindered." *TCI Group Life Ins. Plan,* 244 F.3d at 701. The sort of harm that is considered prejudicial includes the "loss of evidence, increased difficulties of discovery, or [a] greater opportunity for fraud or collusion." *Thompson v. American Home Assur. Co.,* 95 F.3d 429, 433–34 (6th Cir.1996). "[B]eing forced to litigate on the merits" is not prejudicial for purposes of setting aside the entry of default. *TCI Group Life Ins. Plan,* 244 F.3d at 701.

The Court finds that there is insufficient evidence to indicate that Defendant's delay has caused prejudice to Plaintiff beyond a delay of proceedings.

### B.  Entering Default Against Defendant Slumped Boyz

Unlike Lupian, Slumped Boyz has failed to respond at all in this action and has not opposed default, though default was entered over five months ago.

|  |  | : |
|---|---|---|
| Initials of Preparer | | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|

| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* |
|---|---|

Accordingly, the Court, taking as true all allegations save for those that establish damages, has considered the *Eitel* factors for each of Plaintiff's seven causes of action: (1) trademark infringement, (2) federal unfair competition, (3) federal dilution of famous mark, (4) federal copyright infringement, (5) trademark infringement and unfair competition under California statutory law, (6) trademark dilution under California statutory law, and (7) trademark infringement under California common law.

i.    Possibility of Prejudice

The Court finds that Plaintiff would suffer prejudice if the default judgement were not entered because Plaintiff would be denied the right to judicial resolution of the claims presented.

ii.    Merits of Claims and Sufficiency of Complaint

As for the second and third factors, Plaintiff is required to state a claim on which Plaintiff may recover. As mentioned above, the Court will take as true the well-pleaded factual allegations, except those related to damages.

To establish a prima facie case for trademark infringement, Plaintiff must show: (1) ownership in a valid, protectable trademark; and (2) the defendant's unauthorized use of the mark in commerce is likely to cause confusion. *See Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); see also 15 U.S.C. § 1114(1). Plaintiff has alleged that it owns a registered trademark,[1] covering the PATAGONIA logo and has alleged with particularity evidence that confusion in the market has occurred. ECF No. 1. ¶¶ 6, 10, 19. The Ninth Circuit has articulated an eight-factor test to determine likelihood of confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). The *Sleekcraft* factors include: (1) the strength of the allegedly infringed mark; (2) the proximity of the parties' goods; (3) the similarity of the parties' marks; (4) the extent to which there is evidence of actual confusion; (5) the marketing channels used by the parties; (6) the degree of care likely to be exercised by the purchasers of the parties' products; (7) the alleged infringer's intent in selecting its marks; and (8) the likelihood of expansion of the parties' product lines. *Id.* The Court, taking the facts alleged as true and applying the *Sleekcraft* factors—particularly in light of the allegation that actual market confusion has occurred—finds that Plaintiff has sufficiently stated a claim of trademark infringement under which it can recover.

---

[1] A federal registration provides 'prima facie evidence' of the mark's validity and entitles the plaintiff to a 'strong presumption' that the mark is a protectable mark." *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) (internal citations omitted).

:

Initials of Preparer          DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* | | |

To establish a prima facie case for Federal Unfair Competition, Plaintiff must show that Defendant Slumped Boyz used a designation—in connection with goods Defendant caused to enter interstate commerce—which was likely to cause confusion, mistake or deception as to origin, sponsorship or approval of Defendant's goods, and Plaintiff has been or is likely to be damaged by these acts. 15 U.S.C § 1125(a); *First Keystone Federal Sav. Bank v. First Keystone Mortg., Inc.*, 923 F.Supp. 693 (E.D. Pa. 1996). Here, the Court finds Plaintiff has sufficiently alleged that Slumped Boyz brought goods into interstate commerce using a designation based on Patagonia's logo, which was likely to cause confusion as to the origin of Defendant's goods. Plaintiff has therefore stated a claim for unfair competition.

To establish a prima facie case for Federal Dilution of a Famous Mark, Plaintiff must establish: (1) the mark is famous and distinctive; (2) the Defendant is making use of the mark in commerce; (3) the Defendant's use began after the mark became famous; and (4) the Defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008); 15 U.S.C. § 1125(c)(1). By statute, a mark is "famous" when it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C § 1125(c)(2). The Ninth Circuit has found that this requires the mark to be "truly prominent and renowned." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999). Here, the Court finds that Plaintiff has sufficiently alleged that its mark is both famous and distinctive. Relevant allegations include: (1) Patagonia has held a registered trademark for its logo since 1984, (2) the logo is distinctive and fanciful, (3) Patagonia has spent enormous amounts of time, money, and effort advertising and promoting products bearing the mark, (4) these products have been sold all over the world, and (5) Defendants began selling products with infringing marks many years after the mark became famous. Compl. ¶¶ 10-12, 15, 20. The Court finds that Plaintiff has sufficiently stated a claim for dilution.

To establish a prima facie case for copyright infringement, Plaintiff must show (1) ownership of a valid copyright and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright owners by the Copyright Act[.]" *UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011). Here, Patagonia alleges that Patagonia owns a registered copyright in its logo. Compl. ¶¶ 14, 41. Moreover, Patagonia alleges that Slumped Boyz promoted and sold substantially similar copies of Patagonia's copyrighted design. Compl. ¶¶ 16-18. Accordingly, the Court finds that Plaintiff has sufficiently stated a claim for copyright infringement.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|

| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* |
|---|---|

Plaintiff has also brought a claim for trademark infringement and unfair competition under California's Business & Professions Code §§ 14200 *et seq.*, and 17200 *et seq.* It is well established in the Ninth Circuit that actions pursuant to California Business and Professions Code § 17200 are "substantially congruent" to claims made under the Lanham Act. *Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994). Courts in this district also routinely treat the required analysis under § 14200 et seq. as identical to the federal Lanham act analysis. *See Patagonia, Inc. v. Shirtformula,* 2023 WL 8351524 at *4 (C.D. Cal. 2023) (citing *Mallard Creek Indus., Inc. v. Morgan*, 56 Cal. App. 4th 426, 434 (1997); *see also Telligen, Inc. v. Telligens Techs., LLC*, 2025 WL 1484396 at *5 (C.D. Cal. 2025) (citing *Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, 70 F. Supp. 3d 1105, 1134 (ND. Cal. 2014); *Cleary*, 30 F.3d at 1262–63; and *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000)). Accordingly, having found Plaintiff's corresponding federal claims sufficient, the Court finds the same under California statute.

Analysis for a trademark dilution claim is identical under California and federal law. *See Jada Toys*, 518 F.3d at 634. Therefore, the Court finds that Plaintiff has sufficiently stated a claim for its sixth cause of action: trademark dilution under California's Business & Professions Code § 14247.

Finally, courts in this district hold that claims for common law trademark infringement in California require the same showing as claims under the Lanham Act. *See 6th St. Partners, LLC v. Bd.*, 2022 WL 1570630 at *5 (C.D. Cal. 2022) (citing *Mintz v. Subaru of Am., Inc.*, 716 F. App'x 618, 622 (9th Cir. 2017). Therefore, the Corut finds that Plaintiff has sufficiently stated a claim for common law trademark infringement.

Overall, the Court finds that Plaintiff Patagonia has successfully stated a prima facie case for each cause of action against Defendant Slumped Boyz. Moreover, the photographs incorporated into the complaint, as well as those attached to the instant motion, would indicate that Defendant distributed a product bearing a design that was substantially similar to a well-known trademark, held by Plaintiff for decades, and causing documented confusion in the marketplace. Compl. ¶¶ 10, 17, 19; ECF Nos. 26-10, 26-11, 26-12. For reference, the Court compares below an image of the Patagonia logo and a screenshot of online engagement with allegedly infringing product, demonstrating confusion.

:

Initials of Preparer                    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* | | |



    iii.    <u>Sum of Money at Stake; Possibility of Dispute Concerning Material Facts; Excusable Neglect; Public Policy</u>

As for the remaining *Eitel* factors, the Court will briefly summarize its analysis. There is money at stake in this proceeding, beyond injunctive relief. Therefore, the fourth factor weighs against default. There is some possibility of dispute concerning material facts, particularly likelihood of confusion, which is generally a fact-intensive inquiry. The fifth factor therefore weighs against default. There is no indication that Defendant Slumped Boyz's default was the product of excusable neglect. The proofs of service reflect that Plaintiff served Defendants with the summons, complaint, request for entry of default, the clerk's notice of entry of default, and its motion for default judgment. ECF Nos. 26-4, 26-7, 26-8, 26 at 2. The sixth factor therefore weighs in favor of default. Finally, the public policy favoring decisions on the merits, as always, weighs against default.

Considering every factor, but giving particular weight to the second and third, the Court finds that the factors weigh in favor of granting a default judgment against Defendant Slumped Boyz.

**V.    Damages**

Plaintiffs who establish a trademark dilution claim under 15 U.S.C. § 1125 are entitled to injunctive relief. "[A]n infringer of copyright is liable for either—(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). Under the Copyright Act, a copyright owner may recover statutory damages "with respect to any one work ... a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "[W]here the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. § 504(c)(2). "To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|

| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* |
|---|---|

activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011).

Plaintiff has alleged that the copyright infringement was willful. Compl. ¶ 42. However, Plaintiff's requested relief is only $30,000. The Court finds that considering the absence of information available due to Defendant Slumped Boyz's failure to respond, statutory damages are appropriate. Furthermore, the Court finds the amount of $30,000, though the maximum available absent willfulness, to be reasonable under the circumstances.

Moreover, the Court has considered the likelihood of irreparable injury to Patagonia absent equitable relief. The Court has also balanced the hardships of injunctive relief and considered public policy factors. As a result of this analysis, the Court finds that a permanent injunction is also appropriate, preventing Slumped Boyz from further infringement of Patagonia's mark.

Finally, Plaintiff requests reasonable attorneys' fees and costs. Under 15 U.S.C. § 1117(a), plaintiff is entitled to costs if there is a violation under 15 U.S.C § 1125(a) or (d), or a willful violation of § 1125(c). 15 U.S.C. § 1117(a). Because the Court has found a violation by default of § 1125(a) (trademark infringement), Plaintiff is entitled to costs. § 1117 also permits the recovery of reasonable attorney fees in "exceptional cases." "A trademark case is exceptional for purposes of an award of attorneys' fees when the infringement is malicious, fraudulent, deliberate or willful." *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1384 (9th Cir. 1984). Here, Plaintiff has put forward undisputed evidence that *after* being served with the complaint in the instant action, while failing to respond, Defendants nonetheless continued to promote and sell the infringing products. Parhami Decl. ¶¶ 11-14, ECF No. 26-2; ECF No. 26-10, 26-11, 26-12. The Court finds that Defendant's decision to continue promoting and selling the allegedly infringing design while ignoring the instant action is sufficient evidence of deliberate and willful conduct sufficient to qualify this as an "exceptional case," where reasonable attorney's fees are appropriate. Moreover, the Court finds Plaintiff's calculation of $2,400 to be reasonable.

## VI. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is DENIED insofar as it requests default judgment against Defendant Lupian. Defendant Lupian's motion to set aside entry of default is GRANTED. Defendant Lupian is further ORDERED to respond to the complaint within FOURTEEN DAYS. Plaintiff's motion for default judgment is GRANTED insofar as it requests default judgment

:

| Initials of Preparer | DT |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00707-SVW-RAO | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Patagonia, Inc. v. Slumped Boyz LLC et al* | | |

against Defendant Slumped Boyz. Judgment is therefore ENTERED in favor of Patagonia against Defendant Slumped Boyz. Slumped Boyz is ORDERED to pay Patagonia $30,000 in statutory damages and $2,400 in attorney's fees, totaling $32,400. Slumped Boyz, as well as its principals, officers, agents, employees, affiliates, and joint venturers with actual notice of this Order, are further ENJOINED from manufacturing, licensing, offering for sale, distributing, importing, exporting, advertising, promoting, or displaying any goods bearing the infringing designs challenged in this case or any design substantially similar to Patagonia's protected logo, as illustrated in section IV.B.ii of this Order.

**IT IS SO ORDERED.**

                                                              :

                                    Initials of Preparer          DT